IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Case No. 2:24-cr-71 |
| ANTHONY EDMUND RASPANTI, | |
| Defendant. | |

## CRIMINAL INFORMATION

### COUNT ONE
(Possession with Intent to Distribute Methamphetamine)

On or about May 11, 2023, in Virginia Beach, Virginia, in the Eastern District of Virginia, the defendant, ANTHONY EDMUND RASPANTI, did knowingly and intentionally possess with intent to distribute more than 5 grams of methamphetamine, a Schedule II controlled substance.

(In violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B)(viii).)

### COUNT TWO
(Possess, Use, and Carry a Firearm in Furtherance of and During and in Relation to a Drug Trafficking Crime)

On or about May 11, 2023, in Virginia Beach, Virginia, in the Eastern District of Virginia, the defendant, ANTHONY EDMUND RASPANTI, did knowingly possess one or more firearms, to wit: a Del-Ton Inc. Model DTI-15 556 caliber rifle, an Aero Precision Model M4E1 556 caliber rifle, and a Marlin Firearms Co., Model 336 30-30 caliber rifle, in furtherance of, and during and in relation to, a drug trafficking crime for which he may be prosecuted in a court of the United States, namely possession with intent to distribute a mixture and substance containing a detectable amount of methamphetamine, in violation of Title 21, United States Code, Sections 841(a)(1) and

(b)(1)(C), as charged in Count One of this Indictment, which is re-alleged and incorporated by reference as if set forth in full herein.

(In violation of Title 18, United States Code, Section 924(c)(1)(A).)

## CRIMINAL FORFEITURE

1. The defendant, if convicted of either of the violations alleged in this Information, shall forfeit to the United States, as part of the sentencing pursuant to the Federal Rule of Criminal Procedure 32.2, any firearm or ammunition involved in or used in the violation.

2. The defendant, if convicted of the violation alleged in Count One of this Information, shall forfeit to the United States, as part of the sentencing pursuant to Federal Rule of Criminal Procedure 32.2:

   a. Any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of the violation; and

   b. Any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the violation.

3. If any property that is subject to forfeiture above is not available, it is the intention of the United States to seek an order forfeiting substitute assets pursuant to Title 21, United States Code, Section 853(p) and Federal Rule of Criminal Procedure 32.2(e).

4. The property subject to forfeiture includes, but is not limited to, the following:

   a. One Aero Precision, Model M4E1, 556 Caliber Rifle, Serial Number M4-0151625;

   b. One Del-Ton Inc., Model DTI-15, 556 Caliber Rifle, Serial Number DTI-S156647;

   c. One Glock GMBH, Model 22, 40 Caliber Pistol with obliterated serial number;

    d. One Glock GMBH, Model 26, 9 Caliber Pistol with obliterated serial number; and

    e. One Marlin Firearms Co., Model 336, 30-30 Caliber Rifle, Serial Number 27067474.

(In accordance with Title 18, United States Code, Section 924(d); Title 21, United States Code, Section 853; and Title 28, United States Code, Section 2461(c).)

Respectfully submitted,

Jessica D. Aber
United States Attorney

Date: July 16, 2024      By: *Alyssa K. Miller*
Alyssa K. Miller
Special Assistant United States Attorney